**Sosunta MAYOR et al., Plaintiffs,**

v.

**Philip L. TOIA et al., Defendants.**

**No. 76 Civ. 3868.**

United States District Court,
S. D. New York.

Sept. 7, 1976.

Michael D. Kaufman, Nancy E. LeBlanc, and Robert Anderson, New York City, for plaintiffs.

Louis Lefkowitz, Atty. Gen., Maria L. Marcus, Asst. Atty. Gen., New York City, for defendant Toia.

Bernard Richland, Corp. Counsel, Eileen Shapiro, Asst. Corp. Counsel, New York City, for defendant Smith.

MILTON POLLACK, District Judge.

The plaintiffs seek a preliminary injunction pursuant to Federal Rule of Civil Procedure 65(c) restraining enforcement of a new state regulation, Title 18, Section 352.-3(a) of the New York Code Rules and Regulations, fixing maximum monthly rent allowances for AFDC recipients in each local Social Services District.

This regulation went into effect on October 1, 1975, and was approved in November 1975 by the United States Department of Health, Education and Welfare as meeting basic federal requirements.

The regulation was not implemented until September 1, 1976, with respect to those already receiving public assistance, and provides that allowances be granted in the amount actually expended for rent but only up to the maximum fixed for the particular local district.

The three named plaintiffs, all New York City residents receiving AFDC payments, seek to maintain a class suit pursuant to Federal Rule of Civil Procedure 23(b)(2) on behalf of all AFDC recipients whose rent allowance is reduced by section 352.3(a), and all AFDC recipients whose actual rent exceeds the maximum rent as fixed by that regulation.

Applied to the named plaintiffs herein, the enforcement of the disputed regulation would reduce their monthly rentals respectively by $77, $30, and $25.84.

Title 18, NYCRR, Section 352.3(a) is the product of two surveys of rent allowances, one in 1972 and the other in 1975. Until October 1, 1975, New York public assistance payments for rent were based on allowance schedules established by each local Social Services District. The prior version of the new regulation mandated that recipients be given the amount actually paid by them for rent, but not in excess of the maximum fixed by the appropriate local district.

This arrangement was challenged in this court before Mr. Justice Cannella in *Nero v. Levine*, Docket No. 75 Civ. 1024, Southern District of New York. That litigation resulted in a court-approved stipulation ordering New York to implement the rent allowance schedule attacked in the present case.

The gravamen of the complaint in the *Nero* case was that permitting each local district to fix its own schedules violated the federal requirement of statewide uniformity. While Judge Cannella granted the plaintiffs in the *Nero* case class action treatment, the class there does not seem to have included the plaintiffs in the present case.

The plaintiffs contend that the new regulation violates the Equal Protection Clause of the Fourteenth Amendment by fixing lower maximum rent allowances for New York City than for four other counties in the state—namely, Nassau, Suffolk, Westchester and Rockland—and that the difference in the maximums is without rational basis because it is not founded on a difference in actual rental costs.

Plaintiffs contend further that the challenged regulation violates federal law by fixing different maximum rent allowances for different local districts, contending that the Social Security Act does not permit intrastate variations in the standards used in state AFDC plans to determine the need of recipients unless the variations are justified by differences in actual cost.

They claim that the variations in the new regulations are based not on differences in actual rental costs but rather on differences in past rental allowances.

As a further contention, plaintiffs assert that the regulation violates 42 U.S.C., Section 602(a)(23) and 45 C.F.R., Section 233.-20(a)(2)(ii), by reducing the standard used to determine the need of AFDC recipients, and the amounts of payments, from actual rental costs to a maximum based on a percentage of previous rent allowances.

As a late starter, and by way of supplemental argument, plaintiffs have submitted yet a further suggestion of ·invalidity. Plaintiffs urge that even differences in actual rental costs cannot justify the intrastate differences in maximum allowances, because the rental costs being compared may not be costs of comparable housing.

█ It appears almost self-evident that the plaintiffs can make the showing of probable success on the merits herein to the extent required for a preliminary injunction only if they can establish that the intrastate variations in maximum rent allowances are not justified by intrastate variations in actual rent costs, or that the prior standard for computing the housing needs of the AFDC recipients had been actual rental costs and that the new maximum figures do not represent a fair pricing of actual rental costs.

█ The evidence indicates that the new regulations set the standard of need as the rent actually paid up to a maximum fixed at the 95th percentile of past actual allowances; that this was not prorating the allowances but actually was establishing the full standard of need itself.

To the extent that there were formerly allowances in excess of the newly defined standard of need, they were an insignificant part of the total allowance grants and their elimination seems consistent with the requirements of fair pricing.

The regulation is bottomed on various studies by the state of the shelter allowance grants and maximums permitted by each locality. These allowances in turn related to rents paid in these localities. The state did not purposely create a geographical differential. The differential occurred because rental costs in the four counties showed a disparity from similar costs in New York City.

Rental costs were collected and collated on a uniform basis for all counties in the state. The input data was· the prior shelter allowances which were granted at the payment level to the landlord up to and often in excess of the maximum.

The regulation utilizes the number of persons in the household rather than number of rooms as the measure in determining shelter allowances. The indication is that this provides a measure of flexibility that is desirable so that the public assistance family may decide what kind of housing meets their individual needs.

By way of contrast, studies purporting to assess market costs of housing which use the number of rooms as a standard are not particularly helpful to the analysis of the regulation. Out of about 315,000 families on public assistance in New York City prior to the new regulation, of whom approximately 250,000 are AFDC recipients, the approximate number of families receiving shelter allowances above the dollar maximum was 11,597, or about 3 per cent of the total. These families received the actual amount of their rents. Ninety-five per cent of welfare recipients, it is estimated, have found accommodations in New York City within the maximum shelter allowances as fixed by the new regulations.

The indications are that the new regulations are being absorbed by landlords and the recipients, and the further indication is that there are sufficient facilities available presently for recipients on welfare within the maximum allowances for shelter.

Prima facie the maximums appear to be rational and a fair reflection of the proper amount in 95 per cent of the cases. The same effect could not be expected from averaging.

When the regulations set the standard of need as the rent actually paid up to a maximum fixed at the 95th percentile of actual allowances, this was not prorating the allowances but establishing sensibly the full standard of need itself.

No welfare system is perfect, and mathematical perfection cannot be attained, but the system does not thereby become objectionable provided it reasonably approximates the underlying requirements.

It is clear that under HEW's interpretation and administration of the relevant standards the several states need not adopt either a flat grant system or a variable system, but may choose their own option. A preliminary injunction may be granted only where the moving party has demonstrated a combination of probable success on the merits and the possibility of irreparable injury, or, in the alternative, where there are serious questions going to the merits and the balance of hardships tips decidedly in favor of the moving parties.

That showing has not been made here. Accordingly, the application for a preliminary injunction is denied. The foregoing shall constitute the Court's findings of fact and conclusions of law in pursuance of Rule 52(a) of the Federal Rules of Civil Procedure.

So ordered.